# EXHIBIT 4

MEMORANDUM

To: All PTAB Judges

From: Coke Morgan Stewart
Acting Under Secretary of Commerce for Intellectual Property
and Acting Director of the United States Patent and Trademark Office

Subject: Interim Processes for PTAB Workload Management

Date: March 26, 2025

The Patent Trial and Appeal Board (PTAB) is tasked with several statutory duties under 35 U.S.C. § 6(b), including deciding *ex parte* appeals from adverse examiner decisions by patent applicants and conducting America Invents Act (AIA) trial proceedings, such as *inter partes* reviews (IPRs) and post-grant reviews (PGRs). To ensure that the PTAB continues to meet its statutory obligations as to *ex parte* appeals, while continuing to maintain its capacity to conduct AIA proceedings, the Director will exercise her discretion on institution of AIA proceedings under 35 U.S.C. §§ 314(a) and 324(a) as outlined below.

First, decisions on whether to institute an IPR or PGR will be bifurcated between (i) discretionary considerations and (ii) merits and other non-discretionary statutory considerations. Under this interim procedure, the Director, in consultation with at least three PTAB judges, will determine whether discretionary denial of institution is appropriate. If it is appropriate, the Director will issue a decision denying institution. If it is not appropriate, the Director will issue a decision regarding that determination and refer the petition to a three-member panel of the PTAB assigned according to Standard Operating Procedure (SOP) 1 (Rev. 16). The three-member panel will then handle the case in the normal course including by issuing a decision on institution addressing the merits and other non-discretionary statutory considerations.

Second, to facilitate this bifurcated approach, the USPTO will permit parties to file separate briefing on requests for discretionary denial of institution. The discretionary denial briefing shall proceed as follows: (1) within two months of the date on which the PTAB enters a Notice of Filing Date Accorded to a petition, a patent owner may file a brief explaining any applicable bases for discretionary denial of institution; and (2) a petitioner may file an opposition brief no later than one month after the patent owner files its brief. Leave to file further briefing may be permitted for good cause. Consistent with 37 C.F.R. § 42.24, discretionary denial briefing will be limited to 14,000 words. A reply brief, if any, will be limited to 5,600 words. The merits briefing schedule and the schedule for requesting rehearing or Director Review as to a decision on institution remain unchanged.

Third, consistent with the discretionary considerations enumerated in existing Board precedent (including *Fintiv*, *General Plastic*, and *Advanced Bionics*[*]) and the Consolidated Trial Practice Guide (Nov. 2019), the parties are permitted to address all relevant considerations, which may include:

- Whether the PTAB or another forum has already adjudicated the validity or patentability of the challenged patent claims;
- Whether there have been changes in the law or new judicial precedent issued since issuance of the claims that may affect patentability;
- The strength of the unpatentability challenge;
- The extent of the petition's reliance on expert testimony;
- Settled expectations of the parties, such as the length of time the claims have been in force;
- Compelling economic, public health, or national security interests; and

---

[*] *Apple Inc. v. Fintiv, Inc.*, IPR2020-00019, Paper 11 (Mar. 20, 2020) (precedential); *Gen. Plastic Indus. Co. v. Canon Kabushiki Kaisha*, IPR2016-01357, Paper 19 (Sept. 6, 2027) (precedential as to § II.B.4.i); *Advanced Bionics, LLC v. MED-EL Elektromedizinische Geräte GmbH*, IPR2019-01469, Paper 6 (Feb. 13, 2020) (precedential).

- Any other considerations bearing on the Director's discretion.

The Director will also consider the ability of the PTAB to comply with pendency goals for *ex parte* appeals, its statutory deadlines for AIA proceedings, and other workload needs. *See* 35 U.S.C. § 316(b).

These processes aim to improve PTAB efficiency, maintain PTAB capacity to conduct AIA proceedings, reduce pendency in *ex parte* appeals, and promote consistent application of discretionary considerations in the institution of AIA proceedings. The processes described herein will be implemented in IPR and PGR proceedings where the deadline for the patent owner to file a preliminary response has not yet passed. In that situation, if the time for filing discretionary denial briefing as described herein has already elapsed, the patent owner may submit discretionary denial briefing within one month of the date of this memorandum.

The processes described herein are temporary in nature due, in part, to the current workload needs of the PTAB.