# **EXHIBIT 5**



Portfolio Media. Inc. | 230 Park Avenue, 7th Floor | New York, NY 10169 | www.law360.com
Phone: +1 646 783 7100 | Fax: +1 646 783 7161 | customerservice@law360.com

# New Procedures Expected To Result In More PTAB Denials

By **Ryan Davis**

Law360 (March 27, 2025, 10:39 PM EDT) -- Under new procedures where the director of the U.S. Patent and Trademark Office will decide whether petitions challenging patents should be denied for discretionary reasons, such denials will likely increase, although the policy leaves many unanswered questions, attorneys say.

Acting USPTO Director Coke Morgan Stewart on Wednesday **created** a bifurcated process where she and Patent Trial and Appeal Board judges will decide if America Invents Act patent challenges should be denied due to discretionary issues, and the board will review a petition's merits only if it is not denied.

Stewart's **memo** on the significant change in procedure is intended to address the board's "workload needs" and establishes several new factors that could warrant discretionary denials, which attorneys said appears to indicate that many more petitions could be denied going forward.

Kevin Schubert of McKool Smith said that based on his reading of the policies outlined in Stewart's memo, "there's going to be more denials, and that's better for patent owners."

"We'll see how it plays out. I think it'll be interesting to see how the structure works and what happens in practice," Schubert said. "But I feel very confident that we're going to have significantly more denials than we had last year."

PTAB judges, rather than the USPTO director, previously made discretionary denial decisions at the same time they considered the merits of a petition. The board can use its discretion to deny review when a related infringement trial in district court would end before the PTAB's decision is due, under a contentious policy known as the Fintiv rule, or when the same arguments had previously been considered by the office, among other reasons.

Stewart's memo establishes several new factors that can be part of the discretionary denial analysis, including how long the patent has been in force and how much the petition relies on expert testimony.

Many considerations detailed in the memo "have never been part of the board's analysis before," said Kit Crumbley of Bracewell LLP, a former PTAB judge. "So it's really hard to get from a bullet point in a list to some sort of understanding of how that actually works in practice."

David Jones, executive director of the High Tech Inventors Alliance, which represents major technology companies that often challenge patents, said by email that "things at the PTAB keep moving in the wrong direction."

"This latest change expands discretionary denials even further, adding more factors and putting things in the hands of the director to decide whether a challenge even gets in the door," he said. "Instead of making it harder to address patents that shouldn't have issued in the first place, the PTO needs to get rid of Fintiv entirely and bring back certainty and efficiency at a time when it is critically needed."

**New Considerations**

According to the memo, the USPTO director, "in consultation with at least three PTAB judges," will determine if discretionary denial is appropriate in every case. If the petition is not denied, the case will be referred to a three-judge PTAB panel to decide whether to review the patent based on the merits of the challenge.

"This new discretionary denial procedure creates a larger role for the director in institution decisions, giving the director more control over when and how discretionary denial is used," Inge Osman of Latham & Watkins LLP said by email.

The memo's inclusion of new considerations regarding discretion, and its creation of a new round of briefing focused on denial issues, "may suggest that parties should think creatively about requesting and opposing discretionary denial," she added.

Yet the memo provides little guidance on how these new factors will be evaluated, Crumbley said, "so practitioners are now in this position where it's not really clear what needs to be argued, or how to argue it, or how to set up these cases for success for your clients, and that is generally not great for legal practice."

For instance, the memo suggests that the extent to which the petition relies on expert testimony could now be grounds for denial. However, Crumbley said it's not clear how much expert testimony is too much.

"That's something that would be very helpful to know," he said, adding, "I would rather know that when I write my petition rather than when I get my petition denied."

Similarly, the memo said the "settled expectations of the parties," including how long the patent has been in force, can be a discretionary denial consideration, without specifying how old a patent must be before that factor comes into play.

The memo also discusses whether the PTAB or another forum has already adjudicated the validity of the patent as a discretionary denial issue. That seems to expand on previous considerations of whether the same arguments had been presented to the board, and now contemplates denial when a party unrelated to the petitioner unsuccessfully challenged a patent on different grounds.

"I think she's trying to get at this issue of the fairness of patents being targeted multiple times by multiple parties over the course of multiple years," said Stephen Schreiner of Carmichael IP. He noted, however, that it's an open question how much weight such earlier decisions will be given when deciding whether to deny review.

Crumbley questioned whether, if another accused infringer "did a really bad job challenging the patent, and then you get sued, does this mean that you don't get your chance to make your own case?"

The memo said the director will also consider the PTAB's "workload needs" and its ability to meet pendency goals for ex parte appeals of decisions denying patent applications, so "it's almost as if that's now a factor in the discretionary denial analysis, which previously didn't exist," said Roberto Fernandez of Foley & Lardner LLP.

"I think what you'll see is each of these bullet points fleshed out in short order," and that will "lay the groundwork for future PTAB institution decisions," he said.

**Workload Issues**

The memo states that the new procedures "are temporary in nature due, in part, to the current workload needs of the PTAB," although attorneys said it is unclear exactly what those needs are, or how long they are likely to persist. A USPTO spokesperson said the office had no comment beyond the memo.

The office has said multiple PTAB judges have recently retired under the Trump administration's deferred resignation program, and the chief judge recently **told members** that the board "is expected to experience staff reductions" after current voluntary retirement and separation programs

expire April 17.

Schreiner said the memo appears to be an effort by Stewart "to maintain the ability to modulate the number of [PTAB] trials, because she doesn't know what the reduction in force is going to be."

Since the board has fewer judges due to workforce policies implemented by the White House, "I don't think it's lost on anyone that the workload problems are of the government's own making in this case," Crumbley said.

"That's being used as a reason to make these changes, when I think it's reasonable to ask why the office isn't just pushing back" on the administration's policies, he said. He added that he hopes the creation of the new policy suggests that any reductions in force at the office will have a limited impact on PTAB judges.

Attorneys also questioned how the new procedure will reduce workload, given that parties will now be filing additional lengthy briefs on discretionary denial issues, which will be considered by the director and a group of PTAB judges that appears to be separate from the panel that would be tasked with deciding a petition on the merits if it is not denied.

According to USPTO statistics, nearly 1,300 petitions for AIA reviews were filed during the 2024 fiscal year. Under the new policy, the director will now be making discretionary denial decisions on all of them, which amounts to over 100 a month.

"That's a lot of petitions for the director to decide," Schreiner said, adding that even with assistance from other judges, "I think there is a legitimate question: How is she going to do that?"

The new round of filings focused on discretionary denial will increase the time and resources on the front end for patent owners and challengers, Schubert said, but "if we're seeing a lot more denials, that's going to ultimately lead to less workload capacity on the patent office."

Crumbley said the PTAB was already making discretionary denials, so "I'm not sure how this helps workload," since the new policy just diverts that work to other judges who assist the director in considering denials, before the case is assigned to a panel to consider the merits.

"Really the only way that this memo ends up helping reduce the workload of the board is if discretionary denials start going up, and there are no merits cases for the other judges to look at, which may be the end result," he said.

--Editing by Jay Jackson Jr. and Michael Watanabe.

All Content © 2003-2025, Portfolio Media, Inc.