

Portfolio Media. Inc. | 230 Park Avenue, 7th Floor | New York, NY 10169 | www.law360.com
Phone: +1 646 783 7100 | Fax: +1 646 783 7161 | customerservice@law360.com

# New PTAB Denial Processes Grow More And More Confusing

By **Forrest Jones and Umber Aggarwal** (July 18, 2025, 6:21 PM EDT)

Institution of inter partes review is discretionary, but in the past that discretion was delegated to the same panel of administrative patent judges who evaluated a petition on the merits. No longer.

On March 26, U.S. Patent and Trademark Office Acting Director Coke Morgan Stewart **announced** new interim processes for Patent Trial and Appeal Board workload management aimed at ensuring the PTAB meets its statutory obligations while managing its capacity to institute and conduct proceedings.

This created a new bifurcated review scheme, where the merits of an IPR petition are not considered until after the director determines if discretionary denial is appropriate.



Forrest Jones

Guidance on the process has been murky and inconsistent. The USPTO issued three separate, at times conflicting, sources of guidance: (1) the discretionary denial memo, (2) an April 17 boardside chat published on the USPTO website and (3) an April 25 FAQ, which the USPTO considers as controlling between the three.

But the first wave of decisions applying the new process reveals additional inconsistences with the USPTO-published guidance, creating confusion for petitioners and patent owners alike, and leaving the discretionary denial issue in flux.



**Ambiguity Between the Memo, Boardside Chat and FAQs**

Umber Aggarwal

The USPTO has stated "[t]he information presented in the FAQs controls the interim processes." That clarification was necessary because of the conflicts between the FAQs and the previous boardside chat and memo.

For example, FAQ No. 7 clarifies that the briefing dates will not shift: The patent owner's brief is due two months after the notice of filing date accorded, and the petitioner's opposition is due three months after the notice of filing date accorded, no matter when the patent owner files its brief.

While clear, this directly contradicts the discretionary denial memo, which set the petitioner's brief due date to one month after the patent owner's brief was filed, not due.

As another example, FAQ No. 9 clarifies that the director will not consider discretionary denials under the PTAB's 2018 decision in Chevron Oronite Co. LLC v. Infineum USA LP and its 2019 decision in Deeper UAB v. Vexilar Inc.

Chevron and Deeper were both designated informative on April 5, 2019, and in both the board discretionarily denied institution for the entire petition where only a limited subset of the challenges demonstrated a reasonable likelihood of success — in Chevron, two of 20 claims, and in Deeper, two of 23 claims and only one of four grounds.

Denying institution under this rationale necessarily requires a substantive evaluation of the merits

across all challenged claims, referring the issue to the merits panel makes sense. But FAQ No. 9 still contradicts the boardside chat's guidance that the new process was intended to remove all discretionary factors from consideration by the merits panel.

As one more example, FAQ No. 14 reintroduced ambiguity for an issue that had been previously resolved. In the boardside chat, the USPTO clarified that petitioners should enter stipulations — Sand Revolution, Sotera or otherwise — within a month of the notice of filing date accorded to give patent owners a chance to address them in their discretionary denial briefs.

This addressed a prominent issue never addressed in the discretionary denial memo. But FAQ No. 14 injected confusion, stating that those stipulations should be filed as soon as practicable, leaving the parties to argue about what "as soon as practicable" means.

**More Conflicts Introduced by Director Decisions**

Practitioners no longer need to rely solely on the guidance, as actual decisions have issued. The director has issued decisions in more than 30 IPRs. Looking at these decisions, some additional changes from the previous guidance have become apparent.

***The director may sua sponte deny based on unbriefed issues.***

FAQ No. 9 says that if the "patent owner chooses not to file a discretionary denial brief, the Director will not issue a decision on discretionary consideration." The boardside chat went further, saying the director would not make up a case on factors the patent owner did not raise:

> Q: So if a patent owners discretionary denial briefing does not mention certain discretionary issues or certain factors that were enumerated on the slides earlier, will the Board treat those particular factors as having been waived and such that petitioner doesn't need to talk about those factors?
>
> A: How I would answer this is I would say the party should talk about whatever factors they think are important to their case. Obviously, you know, the director will have the briefing that the director has. So if a patent owner hasn't raised a particular issue, I don't foresee the director trying to make up a case for that issue.

But the acting director did just that in Dabico Airport Solutions Inc. v. AXA Power ApS on June 18. In Dabico, the acting director discretionarily denied institution based on so-called settled expectations because the patent had been in force for almost eight years.

However, neither the patent owner nor the petitioner raised settled expectations in their briefs. So, contrary to the previous guidance, the parties should anticipate what issues the director may wish to address, even if neither party raises them.

***The director also creates new factors supporting institution.***

The FAQ, boardside chat and discretionary denial memo were clear that parties were not limited to briefing the identified factors. But given the stated goal of the new process is workload management, practitioners largely assumed that all new factors provided reasons supporting discretionarily denial. However, the acting director's decisions have also created new reasons not to deny institution.

For example, in at least four decisions, including Merck Sharp & Dohme LLC v. Halozyme Inc. on June 12, the acting director has referred the petition to a merits panel because of the youth of the patent. Under the acting director's reasoning, because early challenges "favor robust, predictable patent rights," they weigh against discretionary denial.

As another example, also from June 12, the acting director declined to discretionarily deny in Microsoft Corp. v. Partec Cluster Competence Center GMBH over a challenge under Title 35 of the U.S. Code, Section 325(d), because the petitioner showed the USPTO erred in reviewing prior art asserted in the IPR petition.

This, by itself, is unsurprising. However, the petition was also referred over a Fintiv challenge based

on a copending litigation, in part because the petitioner demonstrated this error. This use of Section 325(d) to overcome other discretionary considerations is arguably novel.

***Replies are more limited than the discretionary denial memo states.***

The discretionary denial memo states that replies "if any, will be limited to 5,600 words."

While this is still technically true, replies in practice have been shorter. In the cases with director decisions, six patent owner replies and two petitioner sur-replies have been authorized.

All, however, have been restricted to only five pages, or roughly 1,250 words, the same page limit the PTAB previously used for common responses to requests for director review. On a related note, petitioners generally do not have the same right to a reply as, in at least four instances, the director only authorized patent owner replies — no sur-replies.

**More Changes to Come**

The changes are unlikely to stop soon. In addition to new decisions issuing every week, the leadership at the USPTO is set to change as well. John Squires, the pending nominee to become the next director, cleared the U.S. Senate Judiciary Committee on June 12 by a voice vote of 20-2.

Once he is confirmed by the full Senate, he will take over this process as the new director. It remains to be seen what further changes to either the process or the application of discretionary denials he will bring.

---

*Forrest A. Jones is a partner and Umber Aggarwal is an associate at Finnegan Henderson Farabow Garrett & Dunner LLP.*

*The opinions expressed are those of the author(s) and do not necessarily reflect the views of their employer, its clients, or Portfolio Media Inc., or any of its or their respective affiliates. This article is for general information purposes and is not intended to be and should not be taken as legal advice.*

---

All Content © 2003-2025, Portfolio Media, Inc.